Opinion of the Court, by
Judge Mulls.
THIS is a bill in chancery, enjoining a judgment in ejectment, and praying a conveyance of land. The history of the equity set up, and the decision against it in this court, will lie found in 2 Marsh. 108, and 3Marsh. 147, to which we refer.
Upon the return of the cause to the court below, after tbe decision of this court, on the death of King, it was revived uy consent, in tae names of his administrator and heirs, and commissioners were appointed to assess improvements, rents, waste, fec.-on the to be recovered by the heirs of Hawkins, and they were directed to report with such different aspects as the parties should direct.
They accordingly reported the value of improve-merits made thereon by King, to be §1,052 25, arid those made by Wyat, who preceded King and sold to him, §40.
(t) One who enters upon land without the assent ' and against the will of the owner, or ■with knowledge of his claim, and thathemearit to assert it, is hound for routs on all tho improvement», even those made hy himself,after entry,, and if allowed for improvements at all, can only set them off against the rent (Common law)— Argu.
(2) Where the occupant is a bona fide purchaser from the possessor, with the knowledge of the holder of the title, and so enters, without being forbidden, and his possession is long acquiesced in, and there is con-sidorable d.e-in^the^He” aguimt him, ho is bound menc«ment,:' ofsuit.
*162They then reported the rents upon the whole premises, to wit: Ón that part improved when King took possession, duriilg his whole occupancy, and that part improved by him, from the periods in whi'ch they were-made, to he $3,126 62 1-2.
They next computed the rent's on the premises during the whole occupancy of King, as they were when he received them, not assessing any rents on the improvements of King and Wyat, at the sum of $2,020 50.
They next assessed the rents as the land was improved in fact, from June 1814, when this controversy commenced, until the date of their assessment, to the sum of $•1,266 25.
They finally estimated the rents on the land, as improved by Hawkins, omitting any rents on the improvements of King or Wyat, from June 18'14, to the sum of $748; and they estimated the reduction of soil, generally; at the Sum of $139 50.
The court below disallowed the last charge in favor of Hawkins’ heirs for reduction of soil; settled the amount of improvements recoverable by King’s heirs to he those made by both Wyat and King, amounting to $1,092 25, and credited Hawkins’ heirs with the lowest assessment for rents, to wit, those charged on the land as improved by Hawkins himself, from the commencement of this suit, and thus found a balance in favor of the representatives of King, of $344, for which a decree was rendered, and a lien enforced against the land for the payment of this balance.
To reverse this decree, this writ oferror is prosecuted.
And it is now insisted that (he court erred in disallowing the claim for reduction of soil, arid also in disallowing the highest credit for rents, or some higher credit reported, which would have given a balance in favor of the heirs of Hawkins.
By the former decision Of this court, the following facts are settled between the parties: Wyat sold to King, but Hawkins did not sell to Wyat, and only advised Wyat to sell to King, and was not instrumental in inducing King to buy.
(1) If there was any evidence conducing to prove that King entered against the will, and without the assent of Hawkins, or was apprized, at the time, that Haw-' kins claimed the land and meant to assert his claim, w# *163should' feel no hesitation in saying King was bound'to account for rents during his whole occupancy, on all the improvements, whether made by him, Wyat or Haw-Lins, and ifKh1g.c0aJd.-be allowed for improvements at all, he. could only set them off against rents, so far as they would go, and no farther.
(3) Theoccti--caso* isenti-tled’to compensation for mcni™Pand°' whether at their value whenmade,. istodat com-, mencement bi'mnd’for rCints upon them, from ¿.'1cJ.g3'tteii BUteqUer(, of his right to recover,for nmp'tsbejond rents.
HJiioduc-P...USC of land in a bg$tihmUikc £1!Wlieri ^ by rentlaw0
Charge 0
00m-missioriers’ ^ taken for improper,noj. ordinary use, edin addi>-W" tionto rents, (Common law.).
*163(2) It does not, however, seem that King entered ma-la jide, knowing that he could not get the land, nor that he was forbidden by Hawkins. On the contrary, Hawkins’ consent to his entry,,is rather to be inferred, and he entered as a purchaser and not as a tenant. Add to this, there was a long acquiescence in his possession, on the part of Hawkins and' his representatives, and con-siderabie laches arid delay in asserting the legal estate, These circumstances we deem sufficient to excuse King from a charge of rents on any part of the improvements until the claim was asserted,.and.that Hawkins and his representatives ought not to be. permitted to make him their innocent and mistaken receiver of rents, until the claim was set up. Uf course, rents are only to be allowed from June 1814, and.this.disposes.of the two first modes of calculating rent,. •
(3) But in deciding between the.two last, we canhav-e no hesitation in rejecting.that adopted by the court below, and embracing that which charges ren.ts ©n all the improvements existing on the land when the, conlrover-sy commenced. '
If King or, his representatives are to receive pay for these improvements, at their value when made, or ev.en in the state they were in when the controversy commenced, according to (ho principles adopted by this sourt in the case of Ewing's heirs vs. Handley's executors, &c. 4 Litt. Rep.346, they must account’for-the. lors^&fc. 4 Litt rents thereon.
improvements made, and, o£course, it is unnecessary to decide whetffer King’s heirs could recover improvements beyond, rents. • These rents exceed the value of the
(4) As to the item for reduction of, soil, if it.was that occasioned by the use of the land in a husbandlike manner, it must be, supposed to be compensated by.r.ent.
(5) But as it cannot be. presumed that the commis-s.ioners would have made any charge for deterioration by ordinary and prudent use only, but only on such acts as. injured,Ihe.soil by improper use, and. have classed it *164with waste, it ought to have been allowed as a charge against the heirs ofKing.
Bibb, for plaintiffs; Haggin, for defendants.
Thus settling the account, there will be a balance found in favor of the heirs of Hawkins, instead of against them, of $313 50.
balance in their favor, protects them against any decree against them, and as they pray in their answers for no relief, they are not entitled to a decree for it. '
The decree must, therefore, be reversed with costs, and the cause be remanded, with directions there to dissolve the injunction and dismiss the bill as to Hawkins’ heirs, with costs.